16823

FLEMING *ET AL.* v. MANNING

(80 S. E. (2d) 130)

498

*Earl Fleming* and *Doris Fleming, Appellants, acting in own defense.*

*Messrs. T. C. Callison, Attorney General,* and *James S. Verner, Assistant Attorney General, for Respondent,*

January 18, 1954.

TAYLOR, Justice.

This appeal is from an order of Honorable J. Frank Eatmon refusing appellants' petitions in habeas corpus proceedings that they be released from custody in the State Penitentiary.

Earl Fleming was convicted of grand larceny in Greenville, S. C., and sentenced May 17, 1945, to serve a ten-year term. While serving this sentence on the Greenville County chaingang, he was paroled December 16, 1950. While on parole, he and his brother, Doris, were accused of murder, grand larceny and highway robbery during the summer of 1951. Earl's parole was revoked August 9, 1951. Both were held in the Greenville County Jail until they were tried for the crime of highway robbery in Greenville County. Being convicted, each was sentenced by Judge Brailsford on September 7, 1951, to serve ten years. No reference in this sentence was made to Earl's previous sentence. Both were committed to the State Penitentiary on September 11, 1951, upon certified copies of the September 7, 1951, sentences. Both appealed from the 1951 sentences. Doris filed an appeal bond and was ordered released pending the appeal by order of November 14, 1951. Since a murder charge and a grand larceny charge were still pending in Pickens County against both Earl and Doris and no bonds were filed covering these charges, neither was released. On December 5, 1952, the murder charge was nol prossed. Both were thereafter tried and convicted in Pickens County of Grand Larceny and sentenced by Judge Johnson on February 22, 1952, to ten years imprisonment. Each sentence contained the following:

"Execution of this sentence to begin upon completion of sentence now being served and to run consecutively thereto."

No appeals were taken from the 1952 sentences; however, an affidavit dated October 12, 1953, has been placed in the record by Honorable James S. Verner, Assistant Attorney General, stating that on September 23, 1953, he received from the Honorable James R. Mann, Solicitor of the 13th Judicial Circuit, a copy of an order by the Honorable James B. Pruitt, Circuit Judge, dismissing the appeals of both Earl and Doris Fleming from the sentences of September 7, 1951, and that on October 6, 1953, deponent received from the same Solicitor notice that both Earl and

Doris Fleming had filed what purported to be notices of intention to appeal from the order of Judge Pruitt dismissing their appeals. This phase of these cases has yet to be disposed of.

"As a general rule, the only questions that may be considered on an application for a writ of habeas corpus after conviction of an offense are whether the petitioner was convicted by a court having jurisdiction of his person and of the offense and whether the judgment or order and sentence **pronounced were** within the court's power, as authorized by law, and whether the term for which the prisoner could be lawfully detained in custody has expired or the sentence has otherwise been satisfied. * * *. In other words, the inquiry is addressed not to errors, but to whether the judgment or sentence is void, or whether it has been stayed, superseded, or otherwise spent its force." 39 C. J. S., Habeas Corpus, § 26, pp. 489-490.

From the record before us it appears that Earl Fleming was sentenced May 17, 1945, to a ten-year term for grand larceny. He served until December 16, 1950, when he was paroled, which means he had served approximately five years and seven months at the time of his parole leaving approximately four years and five months yet to serve should his parole be revoked. Such parole was revoked August 9, 1951, which until January, 1954, is approximately two years and four months. It is, therefore, evident that Earl Fleming is still serving time on the 1945 sentence unless he be credited with "good time" sufficient to amount to the rest of this sentence and the record does not disclose such. However, Earl is not entitled to be discharged at this time in either event as there was no appeal from the ten-year sentence of February 22, 1952, and this sentence is sufficient to require his detention even should he be successful in reversing his conviction and sentence of September 7, 1951. In other words, should it be determined that Earl is entitled to "good time" sufficient to meet the requirements of the 1945 sentence and also be successful in his

appeal from the 1951 sentence, the 1952 sentence would go into effect immediately. See, *In re Sellers* (*State v. Sellers*), 234 N. C. 648, 68 S. E. (2d) 308; *Ex parte Nixon*, 2 S. C. 4; 24 C. J. S., Criminal Law, §§ 1995-1996.

The petitioner, Doris Fleming, was sentenced for the first time on September 7, 1951, and, like Earl, appealed from this sentence but such has not been finally determined by the Courts, this being the case referred to in the affidavit of the Assistant Attorney General of October 12, 1953, heretofore referred to; however, there was no appeal from the sentence of February 22, 1952, from Pickens County wherein, like Earl, he was sentenced to serve ten years.

It is not necessary that this Court go into a detailed computation of these petitioners' exact status at this time to show that the petitioners should be denied the relief sought. The appeals from the 1951 convictions and sentences, which have not had a final determination, render this impossible at the present time. Should petitioners prevail in their efforts to set aside the 1951 sentences, their status would be entirely different from that should such sentences be affirmed. To attempt to determine their status at this time would amount to prejudging their appeals.

It is, therefore, our opinion that the petitions should be dismissed and the order appealed from insofar as it refuses petitioners' requests that they be discharged from custody is affirmed.

BAKER, C. J., STUKES and OXNER, JJ., and BRAILSFORD Acting Associate Justice, concur.