## 17911

Jimmy BABB and Ernest Babb, Appellants, v. STATE of South Carolina and W. M. Manning, Superintendent, South Carolina State Penitentiary, Respondents

(125 S. E. (2d) 467)

*Messrs. Jimmy Babb* and *Ernest Babb, Appellants, Pro Se,* of Columbia,

*Messrs. Daniel R. McLeod, Attorney General,* and *J. C. Coleman, Jr., Assistant Attorney General,* of Columbia, *for Respondents,*

May 8, 1962.

TAYLOR, Chief Justice.

This appeal is from an Order of the Honorable Bruce Littlejohn, dated November 2, 1961, denying Appellants' petition for a Writ of *Habeas Corpus* upon the grounds that petition sets forth no basis for the issuance of a Writ of *Habeas Corpus.*

On or about October 29, 1960, Appellants, represented by counsel in the Court of General Sessions for Greenville County, entered a plea of guilty to the charges of possessing

burglary tools, conspiracy, and breaking and entering and were sentenced to 12 and 14 years imprisonment respectively.

Appellants, now incarcerated in the South Carolina Penitentiary under such sentences, filed their petition for a Writ of *Habeas Corpus* in the Court of General Sessions for Richland County with Judge Bruce Littlejohn presiding. Such petition is based principally upon the contention that they were the victims of an entrapment instigated by a law enforcement officer. Entrapment is an affirmative defense to the crime charged and imposes upon the accused the burden of showing that he was induced to commit the act for which he is being prosecuted. *State v. Jacobs et al.,* 238 S. C. 234, 119 S. E. (2d) 735; *People v. Billingsley,* 59 Cal. App. (2d) Supp. 845, 846, 139 P. (2d) 362. No such defense was interposed by Appellants before sentencing and is not now available to them by way of *Habeas Corpus.*

Appellants next contention is that they were charged with conspiracy and that there was no evidence of conspiracy even though they set forth in the petition that they went to the scene of the crime together and were in the act of committing such crime when arrested. They contend, however, that they are entitled to relief in that no warrant was issued. This question not having been raised at the time of hearing appears for the first time in this petition. After submitting to the jurisdiction of the Court and pleading guilty to· the indictment, objection to jurisdiction comes too late. 22 C. J. S. Criminal Law, §. 162; *State v. Langford,* 223 S. C. 20, 73 S. E. (2d) 854; *State v. Orr,* 225 S. C. 369, 82 S. E. (2d) 523; *Shelton v. State of South Carolina,* S. C., 123 S. E. (2d) 867.

Appellants assert that they entered guilty pleas through fear of lengthy sentences. Fear of lengthy sentences induced through knowledge of the severity of the punishment for the crime committed provides no basis for relief under *Habeas Corpus.* There appears no allegation

in the petition that the Court lacked jurisdiction, that the sentences imposed were not within the Court's power or that such sentences have been satisfied. There is no allegation that the guilty pleas were the result of threats or coercion. They do state that they are illegally detained but no facts are given to support such assertion. A petition which merely alleges that the restraint is in violation of the Constitution and laws of the United States and without due process of law is insufficient and ordinarily subject to dismissal. There must be an adequate statement of facts to make possible preliminarily an intelligent judgment on the possible merits of the petition. *Allen v. Wilkinson,* D. C., 129 F. Supp. 73; *Craemer v. State of Washington,* 168 U. S. 124, 18 S. Ct. 1, 42 L. Ed. 407.

It is apparent from the petition itself that Appellants are entitled to no relief, that this appeal should be dismissed and the Order appealed from affirmed; and IT IS SO ORDERED. Affirmed.

Moss and Lewis, JJ., and Legge, Acting J., concur.

Bussey, J., disqualified.