17951

John G. CROSBY, Appellant, v. The STATE of South Carolina and W. M. Manning, Superintendent, South Carolina State Penitentiary, Respondents.

(126 S. E. (2d) 843)

John G. Crosby, *Appellant, pro se,* of Columbia, 

*Messrs. Daniel R. McLeod, Attorney General,* and *Clarence T. Goolsby, Jr., Asst. Attorney General,* of Columbia, *for Respondents,*

August 14, 1962.

LEWIS, Justice.

The appellant entered a plea of guilty on or about November 1, 1960, to the crime of rape and received a sentence of forty years imprisonment which he is now serving in the South Carolina State Penitentiary. On July 30, 1961, he filed a petititon in the lower Court for a write of *habeas corpus* which was dismissed without a hearing on the ground that the petition failed to set forth any basis for the issuance of the writ. This appeal is from the order of the lower Court dismissing appellant's petition.

The question for determination is whether the lower Court erred in dismissing appellant's petition without a hearing; and whether the appellant was entitled to a hearing depends upon the sufficiency of the petition to state grounds for the issuance of the writ of *habeas corpus*.

A petition for a writ of *habeas corpus* may properly be dismissed if it contains no allegations which warrant the issuance of the writ. We have held that such petition must contain "an adequate statement of facts to make possible preliminarily an intelligent judgment on the possible merits of the petition". *Babb v. State of South Carolina,* S. C., 125 S. E. (2d) 467, 468. The petition must at least make a *prima facie* showing entitling the applicant to relief. 25 Am. Jur. 237, Section 126.

The sole contention of the appellant is that he was "coerced" into pleading guilty by his court-appointed attorneys and thereby deprived of the effective aid and assistance of counsel guaranteed to him by the Constitution of the United States. He alleges that the trial court appointed three attorneys to represent him at his trial, who "persuaded" him to enter a plea of guilty. His petition states that the attorneys told him that they were not getting pay to represent him, would not spend a lot of time in court for nothing and, if he would plead guilty, they could save his life, otherwise, he would get the electric chair. It is then alleged that, because of an operation some years ago, he was physically unable to commit the crime of rape.

Nowhere does the appellant allege that any of his present claims of innocence or inability to commit the crime were ever brought by him to the attentiton of the trial judge before whom he plead guilty.

The allegations of the petition do not support the charge of coercion. They amount to nothing more than a charge that the attorneys told him of the futility of spending a lot of time in court in a trial of his case and that, if he would plead guilty, they could save his life, otherwise, he would get the electric chair.

This is not a case of an alleged denial of counsel, but one in which it is charged that the appellant was inadequately represented by the attorneys appointed for him.

The appellant was charged with the commission of the crime of rape, a capital offense. The effective assistance of counsel in such a case is a necessary requisite of due process of law. *State v. Grant,* 199 S. C. 412, 19 S. E. (2d) 638; and the denial of such constitutes valid ground for the issuance of the writ of *habeas corpus, Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461.

The effective representation by counsel guaranteed by due process of law does not mean perfection on the part of an attorney. "The quality of the services rendered accused by his counsel meet the requirements of due process when he is a member in good standing at the bar, gives his client his complete loyalty, serves him in good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice, but he is not required to be infallible, since his client is entitled to a fair trial, not a perfect one." 16 A. C. J. S. § 591b, pages 675-676.

A lack of effective assistance of counsel must be of such a kind as to shock the conscience of the court and make the proceedings a farce and mockery of justice, and mere allegations of incompetency or inefficiency of counsel will not ordinarily suffice as grounds for the issuance of a writ of *habeas corpus. Diggs v. Welch,* 80 U. S. App. D. C. 5, 148 F. (2d) 667, certiorari denied, 325 U. S. 889, 65 S. Ct. 1576, 89 L. Ed. 2002.

There is no allegation in this case that the court did not select counsel with care and with a due regard to all of the rights of the appellant. We must assume, therefore, that the trial judge appointed reputable and capable counsel to represent him. The allegations here amount to no more than a charge that counsel, properly appointed, gave bad advice to the appellant in connection with his plea of guilty and that in doing so they acted incompetently. The petition fails to state grounds for the issuance of the writ of *habeas corpus.*

In *Brown v. Smyth,* 4 Cir., 271 F. (2d) 227, the petitioner alleged that he was "coerced" into pleading guilty by his court-appointed counsel who advised him that "the plea of not guilty meant only death in the electric chair". In disposing of the contention that such statements by the attorney amounted to coercion, the court said: "Certainly the mere allegation that a lawyer suggested to a defendant that if he stood trial he was in jeopardy of a death sentence does not constitute such coercion as to make the plea of guilty an involuntary act."

In *Diggs v. Welch, supra,* 80 U. S. App. D. C. 5, 148 F. (2d) 667, the petition of the applicant for a writ of *habeas corpus* was denied without a hearing. The petition alleged that the applicant "was coerced and intimidated to enter a plea of guilty by the attorney appointed by the court to defend him". It appears from the concurring opinion in that case that counsel advised "that petitioner had better plead guilty to the lesser charge of grand larceny than go to trial on the indictment of robbery, because, otherwise, he would likely be found guilty on his previous record and be given a heavier penalty." In dismissing the petition the court held that the allegations were insufficient to require a hearing.

The advice given to the appellant to plead guilty may have been bad advice. It also may have been proper. The mere allegations of mistake of counsel, standing alone, are not grounds for the issuance of a writ of *habeas corpus.* The attorneys appointed to represent the appellant were officers of the court and, as stated in *Dorsey v. Gill,* 80 U. S. App. D. C. 9, 148 F. (2d) 857, 876, certiorari denied, 325 U. S. 890, 65 S. Ct. 1580, 89 L. Ed. 2003: "There is a presumption of proper performance of duty by each of them, which requires much more than the allegations of the present case to set the procedure of *habeas corpus* in motion."

Here, as in *Brown v. Smyth, supra,* 80 U. S. App. D. C. 5, 271 F. (2d) 227, "no special circumstances are alleged to differentiate this from any case of a client who has pleaded

guilty with full knowledge of the nature and the consequences of his action and who later seeks to cast responsibility for his predicament on his attorney."

Appellant's petition was properly dismissed without a hearing.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.