## 17976

Clarence E. TILLMAN, Appellant, v. W. M. MANNING, Director, Board of Corrections, State of South Carolina; and The State of South Carolina, Respondents.

(127 S. E. (2d) 721)

222

*Clarence E. Tillman, Appellant Pro Se,* of Columbia,

*Messrs. Daniel R. McLeod, Attorney General,* and *Travis Medlock, Assistant Attorney General,* of Columbia, *for Respondents,*

October 23, 1962.

Moss, Justice.

Clearence E. Tillman, the appellant herein, is presently confined in the State Penitentiary, where he is serving a life sentence which was imposed, upon a plea of guilty to murder, by the Court of General Sessions for Lexington County, South Carolina, on May 26, 1960.

On October 2, 1961, the appellant filed a petition for a writ of *habeas corpus* attacking the validity of his detention in said State penitentiary. The Honorable John Grimball, Resident Judge of the Fifth Judicial Circuit, dismissed the said petition without a hearing on the ground that the petition failed to set forth any basis for the issuance of the writ. This appeal is from the order of the lower Court dismissing appellant's petition.

The sole question for determination is whether the lower Court erred in dismissing appellant's petition without a hearing; and whether the appellant was entitled to a hearing depends upon the sufficiency of the petition to state grounds for the issuance of the writ of *habeas corpus*.

A petition for a writ of *habeas corpus* may properly be dismissed if it contains no allegations which warrant the issuance of the writ. We have held that such petition must contain an adequate statement of facts to make possible preliminarily an intelligent judgment on the possible merits of the petition. *Babb v. State,* 240 S. C. 235, 125 S. E. (2d) 467. We have also held that the petition must at least make a *prima facie* showing entitling the applicant to relief. *Crosby v. State,* S. C., 126 S. E. (2d) 843.

The record here consists only of the *habeas corpus* petition, appended thereto being a long statement of facts, and the order of the lower Court denying the petition without a hearing. In the case of *Cash v. Culver,* 358 U. S. 633, 79 S. Ct. 432, 3 L. Ed. (2d) 557, it was said:

"*  *  * With the case in that posture, the factual allegations of the petition must for present purposes be accepted as true. *Hawk v. Olson,* 326 U. S. 271, 273, 66 S. Ct. 116, 117, 90 L. Ed. 61, 63. Composed in the penitentiary, the petition, like many such documents is heavily larded with irrelevant *innuendoes,* unsupported conclusions, and pretentious legalisms. *  *  *"

In the case of *McCrea v. Jackson,* 6 Cir., 148 F. (2d) 193, we find the following:

"It would seem to be settled law that when a material issue of fact is presented by *habeas corpus* petition, even though the allegations of the petition may tax credulity, the prisoner must be produced and given a hearing by the court, where the facts alleged are dehors the record, were not open to consideration and review on appeal, and constitute a charge that the accused has been convicted in disregard of his constitutional rights. *Waley v. Johnston,* 316 U. S. 101, 62 S. Ct. 964, 86 L. Ed. 1302. *  *  *"

Since the petition for *habeas corpus,* with the accompanying statement of facts, was dismissed without requiring the respondent to answer and without a hearing, we must, for the purpose of this appeal, assume the truth of the allegations of the petition. We have, therefore, examined the factual allegations contained in the petition, together with the statement of facts appended thereto, and conclude that a material issue of fact is presented thereby. We do not deem it necessary to recite the allegations of the petition that leads us to this conclusion. It is sufficient to say that a material issue of fact is presented and the appellant is entitled to a hearing on his petition. In the case of *Walker v. Johnston,* 312 U. S. 275, 61 S. Ct. 574, 85 L. Ed. 830, the Supreme Court of the United States held that if an issue of fact is presented the only permissible procedure is for the judge to issue the writ, have the petitioner produced and hold a hearing at which evidence is received.

The judgment of the lower Court dismissing the petition for a writ of *habeas corpus* is reversed and the case is re-

manded with the direction that the writ of *habeas corpus* be issued; that the respondent or his successor in office be permitted to file an answer or return to the petition; and that a hearing be held on the issues made by the allegations of the petition and answer or return. The issues of fact are for determination by the lower Court and we express no opinion as to the merits of this case.

Reversed and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.