## 18313

Bisand BLANDSHAW, Appellant, v. The STATE of South Carolina, Ellis C. MacDougall, Director, Board of Corrections, The State of South Carolina Penitentiary, Respondents.

(140 S. E. (2d) 784)

*Charles N. Plowden, Jr., Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer* and *Thomas G. Earle, Assistant Attorneys General,* of Columbia, *for Respondents,*

March 1, 1965.

TAYLOR, Chief Justice.

The appellant herein, Bisand Blandshaw, was convicted of manslaughter on or about April 8, 1963 in the Court of General Sessions for Darlington County and received a sentence of twelve (12) years imprisonment which he is presently serving in the South Carolina State Penitentiary. No appeal was ever perfected from that conviction.

On June 16, 1964 the appellant petitioned the lower court for a Writ of Habeas Corpus which was denied without a hearing by the Honorable John Grimball in his Order of June 19, 1964, on the ground that the petition failed to set forth any basis for the issuance of the writ. This appeal is from the above order.

The sole question for our determination is whether the lower court erred in dismissing appellant's petition without a hearing; and whether the appellant was entitled to a hearing depends upon the sufficiency of the petition to state grounds for the issuance of the Writ of Habeas Corpus.

A petition for Writ of Habeas Corpus is properly dismissed if it contains no allegations which warrant the issuance of the writ. We have held that such a petition must contain an adequate statement of facts to make possible preliminarily an intelligent judgment on the possible merits of the petition. It must at least make a prima facie showing entitling the applicant to relief. *Babb v. State,* 240 S. C. 235, 125 S. E. (2d) 467; *Crosby v. State,* 241 S. C. 40, 126 S. E. (2d) 843; *Tillman v. Manning,* 241 S. C. 221, 127 S. E. (2d) 721.

For the purpose of determing whether the petition makes a prima facie showing entitling the applicant to relief the allegations contained therein must be accepted as true. *Tillman v. Manning, supra.*

It is alleged in the petition that "Petitioner was denied a preliminary hearing when demanded as South Carolina requires a written demand. 1952 South Carolina Code of Laws, Section 43-232." This allegation could mean that appellant was denied a preliminary hearing because he did not file a written demand therefor. The right to a preliminary hearing may be waived by failure to request the same in writing ten (10) days before court. *State v. Irby,* 166 S. C. 430, 164 S. E. 912; *State v. White,* 243 S. C. 238, 133 S. E. (2d) 320. Respondents, however, in their brief assume that the allegation means that appellant did not receive a preliminary hearing even though he filed a written demand therefor in compliance with the statutory requirements. In the absence of a showing to, the contary we will make the same assumption.

Section 43-232 provides in part: "Any magistrate who issues a warrant charging a crime beyond his jurisdiction shall grant and hold a preliminary investigation of it upon the demand in writing of the defendant made at least ten days before the convening of the next court of general sessions, * * *. When such a hearing has been so demanded the case shall not be transmitted to the court of general sessions or submitted to the grand jury until the preliminary

hearing shall have been had, the magistrate to retain jurisdiction and the court of general sessions not to acquire jurisdiction until after such preliminary hearing."

The question of whether the lower Court had jurisdiction of the person and of the offense may properly be considered by application for Writ of Habeas Corpus. *Fleming v. Manning,* 224 S. C. 497, 80 S. E. (2d) 130; *Bowers v. State,* 241 S. C. 282, 127 S. E. (2d) 881. The petition will be considered as alleging compliance with Section 43-232 of the Code in demanding a preliminary hearing. A hearing must therefore be held on such petition as the lower court would have had no jurisdiction to try petitioner until the preliminary had been held. See *State v. Adcock,* 194 S. C. 234, 9 S. E. (2d) 730.

Although the remaining allegations of the petition do not appear to make a prima facie showing entitling appellant to relief, appellant may present any evidence he may have concerning these allegations at the time of such hearing. Nothing we have said herein, however, shall be considered an as expression of our opinion as to the merits of this case.

The order appealed from is therefore reversed and the entire matter remanded for a hearing thereon in accordance with the above.

Reversed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.