**Joseph MOSOLYGO and Charles Dawes, Jr., Petitioners,**

v.

**The STATE OF SOUTH CAROLINA et al., Respondents.**

**Civ. A. No. AC–1412.**

United States District Court E. D. South Carolina, Columbia Division.

May 1, 1965.

J. Lewis Cromer, Cromer & Louthian, Columbia, S. C., and Theodore W. Law, III, Law, Kirkland & Aaron, Columbia, S. C., for petitioners.

Edward B. Latimer, Asst. Atty. Gen., Columbia, S. C., for respondents.

HEMPHILL, Chief Judge.

This matter comes before the Court on a Petition for a Writ of Habeas Corpus dated April 3, 1964. By Order dated April 11, 1964 Honorable J. Robert Martin, Jr., United States District Judge, allowed the petition to be filed without the prepayment of costs. Judge Martin issued a Rule to Show Cause dated April 11, 1964. A Return was filed on behalf of

the respondents, dated May 6, 1964.[1] The petitioner filed an Answer to the Return, dated May 15, 1964. On July 7, 1964 this Court appointed J. Lewis Cromer, Esq., to represent the petitioner Dawes, and appointed Theodore W. Law, III, Esq., to represent the petitioner Mosolygo. The matter was studied and investigated by the appointed attorneys. After several preliminary conferences, a hearing was held before this Court on April 1, 1965, with counsel for the petitioners being present, along with Edward B. Latimer, Assistant Attorney General, counsel for the respondents. The petitioners were not present.

The petitioners alleged in their petition dated April 3, 1964, to wit:

1. That there present confinement is in violation "of their constitutional rights to due process of law as provided by Amendment Five (5) and made applicable to the states by Section 1 of Amendment XIV to the Constitution of the United States of America; in that their indictment was transferred from the Court of General Sessions to the County Court of Greenville, which said County Court imposed upon them a sentence of eight (8) years in the State Penitentiary, Columbia, South Carolina."

2. That the petitioners were arrested, posted bond, were indicted, retained two attorneys as counsel, "entered guilty pleas upon the General Sessions indictment, were examined under oath by the Court, the arresting officer was examined by the Court", and were sentenced by the judge of the Greenville County Court.

3. That they filed various petitions for Writs of Habeas Corpus in the State Courts and the United States Supreme Court.

█ This proceeding is brought pursuant to Title 28 U.S.C. § 2241 et seq., and this Court has jurisdiction by virtue of the said sections. It is a civil action and the petitioners have the burden of proof to sustain by a preponderance of the evidence their claim for relief on the issues presented.

The State of South Carolina, through the office of the South Carolina Attorney General, concedes that this Court should decide this petition on the merits of the petition, the return and the records attached to the return and made a part thereof.

Petitioners, Joseph Mosolygo and Charles Dawes, Jr., are presently confined in the South Carolina State Penitentiary. Their confinement is pursuant to orders of commitment of the Clerk of Court of Greenville County, South Carolina. It appears that they were indicted for, and pled guilty to, the charge of Housebreaking and Larceny, that they were sentenced to a term of eight years, consecutive to all existing sentences, by Honorable J. H. Price, Jr., Judge of the Greenville County Court, by orders dated June 25, 1962.

---

1. Copies of the following records concerning the petitioners were attached to and made a part of the return:

    (1) Transcript of guilty plea dated June 25, 1962.
    (2) Petition for Writ of Habeas Corpus dated July 13, 1963 (two copies filed).
    (3) Order of Judge John Grimball dated July 17, 1963.
    (4) Letter of Judge Grimball dated July 17, 1963.
    (5) Petition for a Writ of Habeas Corpus dated July 30, 1963 (one copy filed August 1, 1963 and one copy filed August 8, 1963).
    (6) Letter of Judge Grimball dated August 8, 1963.
    (7) Order of Judge Grimball dated August 8, 1963.
    (8) Notice of Appeal to S. C. Supreme Court dated August 12, 1963.
    (9) Petition for Writ of Habeas Corpus to U. S. Supreme Court dated August 14, 1963.
    (10) Letter of Judge J. H. Price, Jr., dated October 17, 1963.
    (11) Letter of Edward B. Latimer, Assistant Attorney General dated October 21, 1963.
    (12) Denial of petition by U. S. Supreme Court by letter dated December 2, 1963.
    (13) Petition for Writ of Certiorari to S. C. Supreme Court dated January 17, 1964.
    (14) Letter of William B. Todd, III, dated January 27, 1964.
    (15) Order of S. C. Supreme Court dated February 5, 1964.

Petitioners have exhausted available state court remedies. The state court opinions have denied the allegation of the petitioners that their rights under the laws of the State of South Carolina were denied when their indictment was transferred from the Greenville County Court of General Sessions to the Greenville County Court.

The Return shows that the petitioners filed a Petition for a Writ of Habeas Corpus, dated July 13, 1963, with the Richland County Court of Common Pleas. The petition was denied by Honorable John Grimball, Judge, Fifth Judicial Circuit, by order dated July 17, 1963, to wit:

"The petitioners, above named, have petitioned to this Court to issue a Writ of Habeas Corpus on their behalf, in order to require the respondents to bring the petitioners before this Court and to explain the reasons why the respondents now hold the petitioners in confinement in the South Carolina State Penitentiary, and to justify the legality of that detention. The gist of the petition is that the petitioners were not represented by counsel at the time of their appearance and trial before the Greenville County Court on an indictment charging the petitioners with the crimes of housebreaking and grand larceny. The petitioners have signed their petition and attested to the truth of the facts stated therein.

"The petition states very frankly that the petitioners retained and paid two lawyers of their own choice to represent them in this case. The petitioners were released on bond from the time of their arrest in March, 1962, until the time of their appearance before the Greenville County Court, in June, 1962. At the time of the appearance by the petitioners before the Greenville County Court, their attorneys were present in Court with the petitioners and took an active part in the proceedings. The Judge examined the petitioners in order to determine that they wanted to plead guilty before sentencing them. A close scrutiny of the petition disclosed that the petitioners' complaint is not that they were not represented by attorneys at the time that they appeared before the Court and were sentenced, but that they were not represented in a manner suitable to the petitioners. The petitioners complain that although they had lawyers who represented them, they did not have lawyers who represented them in a manner in which they would have liked to be represented.

"This Court is of the opinion that this petition does not state any facts that would justify this Court in issuing a Writ of Habeas Corpus in this case. This Court knows of no constitutional provision or statutory enactment of this State or of the United States that requires that defendants in criminal proceedings must be represented by attorneys who will represent the defendants precisely to the wishes and liking of the defendants. The petitioners retained and paid for their own lawyers. These lawyers were paid a substantial fee. The petitioners were not held in custody. They were released on bond. If the representation that the petitioners were receiving from their lawyers was not to their liking, they could have hired other lawyers. It was not until after the petitioners were sentenced that they raised any question concerning the quality of the representation that they had received from their lawyers.

"In a case, very similar to this case, Crosby v. State, 241 S.C. 40, 44, 126 S.E.2d 843, the Supreme Court of South Carolina had this to say:

" 'The appellant was charged with the commission of the crime of rape, capital offense. The effective assistance of counsel in such case is a necessary requisite of due process of law. State v. Grant, 199 S.C. 412, 19 S.E.2d 638; and the denial of such con-

stitutes valid ground for the issuance of the writ of *habeas corpus*, Johnson v. Zerbet, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 [146 A.L.R. 357].

" 'The effective representation by counsel guaranteed by due process of law does not mean perfection on the part of an attorney. "The quality of the services rendered accused by his counsel meet the requirements of due process when he is a member in good standing at the bar, gives his client his complete loyalty, serves him in good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice, but he is not required to be infallible, since his client is entitled to a fair trial, not a perfect one." 16 A.C.J.S. [Constitutional Law] Sec. 591b, pages 675–676.

" 'A lack of effective assistance of counsel must be of such a kind as to shock the conscience of the court and make the proceedings a farce and mockery of justice, and mere allegations of incompetency or inefficiency of counsel will not ordinarily suffice as grounds for the issuance of a writ of *habeas corpus*. Diggs v. Welch, 80 U.S. App.D.C. 5, 148 F.2d 667, certiorari denied, 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002.' "

And in the case of Fleming, et al v. Manning, 224 S.C. 497, 500, 80 S.E. 2d 130, the Supreme Court of South Carolina said this:

"As a general rule, the only questions that may be considered on an application for a writ of habeas corpus after conviction of an offense are whether the petitioner was convicted by a court having jurisdiction of his person and of the offense and whether the judgment or order and sentence

pronounced were within the court's power, as authorized by law, and whether the term for which the prisoner could be lawfully detained in custody has expired or the sentence has otherwise been satisfied. * * * In other words, the inquiry is addressed not to errors, but to whether the judgment or sentence is void, or whether it has been stayed, superseded, or otherwise spent its force."

"This Court is of the opinion, therefore, that the Writ of Habeas Corpus, prayed for by the petitioners, should not be granted and this petition should be dismissed without a hearing."

Petitioners again filed a Petition for a Writ of Habeas Corpus, dated July 30, 1963, with the Richland County Court of Common Pleas. The petition was denied by Order of Honorable John Grimball, Judge, Fifth Judicial Circuit, by Order dated August 8, 1963,[2] to wit:

"The petitioners above named have petitioned this Court for the issuance of a Writ of Habeas Corpus. This petition is dated July 30, 1963. A prior petition was submitted to this court by these petitioners, setting forth the same facts, but alleging different grounds for the issuance of this Writ, on July 13, 1963. By Order of this Court, dated July 17, 1963, that former petition was denied and dismissed.

"In the present petition of July 30, 1963, the petitioners allege that they are entitled to their release from the South Carolina State Penitentiary because they were denied due process of law in that they were tried before a Court having a six-man jury instead of a twelve-man jury. It appears that the petitioners were charged with housebreaking and grand larceny in Greenville County, South Carolina. They were indicted before the Court of General Sessions for Greenville County and

---

**2.** The remarkable dispatch with which Judge Grimball renders his well reasoned opinions is refreshing and inspiring to the Bench and Bar alike.

the case was transferred for trial to the Greenville County Court. The petitioners appeared before the Greenville County Court on June 25, 1962, represented by able counsel, and pleaded guilty to the charges brought against them, and were sentenced to eight years' confinement in the South Carolina State Penitentiary by Judge James R. Price, Jr., Presiding Judge of Greenville County Court. The petition discloses that the petitioners were not tried by a jury but pleaded guilty to the crime charged against them in the indictment. It is the opinion of this Court that the Greenville County Court, before which the petitioners appeared and were sentenced, is a constitutional court of competent jurisdiction and had jurisdiction of the petitioners and of the crime with which they were charged, and had jurisdiction to sentence the petitioners to eight years' confinement in the South Carolina State Penitentiary. Therefore, this petition is dismissed and no Writ of Habeas Corpus will issue in this case."

Petitioners then prepared a Motion for Leave to file a Petition for a Writ of Habeas Corpus in the U. S. Supreme Court, dated October 14, 1963. The motion was denied on December 2, 1963, Dawes v. MacDougall, 375 U.S. 928, 84 S.Ct. 341, 11 L.Ed.2d 267.

Petitioners then filed a Petition for a Writ of Habeas Corpus in the S. C. Supreme Court. The petition was denied by Honorable C. A. Taylor, Chief Justice of the S. C. Supreme Court, by Order dated February 5, 1964, to wit:

"Petitioners, inmates in the South Carolina State Penitentiary, have applied to me for a writ of habeas corpus, alleging, in effect, that they were denied due process of law in that they were tried before a Court without jurisdiction of the offenses with which they were charged, and they were improperly represented by counsel of their own choosing.

"Prior petitions alleging substantially the same grounds were submitted to the Honorable John Grimball, Judge of the Fifth Judicial Circuit, on July 13, 1963, and July 30, 1963. Judge Grimball by his Orders of July 17, 1963, and August 8, 1963, denied the petitions without hearings. No appeal to this Court was taken from Judge Grimball's Orders denying the petitions.

"The facts alleging that petitioners were not competently represented by counsel would not warrant the issuance of a writ of habeas corpus. Such allegations after conviction are easily made; however, effective representation by counsel in compliance with due process of law does not mean perfection on the part of attorneys. Mere allegations, such as present here, will not suffice as grounds for the issuance of a writ of habeas corpus. See Crosby v. State, 241 S.C. 40, 126 S.E.2d 843.

"Petitioners contend that the Greenville County Court is without jurisdiction over the offenses with which they were charged, namely housebreaking and grand larceny, for the reasons that the County Court has a six man jury rather than a twelve man jury as required in the Court of General Sessions. Application for writ of habeas corpus on the above grounds was made to Associate Justice Hugo L. Black of the United States Supreme Court, October 14, 1963. The United States Supreme Court denied the motion for leave to file petition for writ of habeas corpus December 2, 1963.

"The Greenville County Court has jurisdiction of the offenses of housebreaking and grand larceny, Section 15–612, Code of Laws of South Carolina, 1962, and the fact that such Court has a jury composed of six men does not affect the Court's jurisdiction of these offenses. Article 5, Section 22 of the South Carolina Constitution provides for six man

juries in inferior Courts. Although a common law trial by jury was understood to require trial by a jury of not less than twelve, the Federal Constitution does not preclude a state from diminishing the number of persons necessary to constitute a jury for the trial of either civil or criminal actions. 31 Am.Jur., Jury, Section 122, p. 109. Further, the petitioners were not tried by jury but pleaded guilty to the offenses charged against them while represented by competent and able counsel.

"For the foregoing reasons, the petition for a writ of habeas corpus is considered without merit and the same is hereby denied; and it is so ordered."

■ The innocence or guilt of a person to a crime is not a question which will be examined in a habeas corpus proceeding. It is literally immaterial.

■ Petitioners do not allege that they were not represented by counsel in a proper and competent manner. Facts alleging that a petitioner was not competently represented by counsel after a conviction or guilty plea are easily made. Lawyers are peculiarly susceptible to this accusation, skill, learning, diligence, abuse and high reputation to the contrary notwithstanding. In any event, as noted above, effective representation by counsel in compliance with due process of law does not mean perfection on the part of attorneys. A lack of effective assistance of counsel must be of such nature as to shock the conscience of the Court and make the trial proceedings a farce and mockery of justice in order to suffice as grounds for the issuance of the Writ.

■ The petition does not raise a federal constitutional issue. The petitioners' only real allegation is that their indictment was transferred from the Greenville County Court of General Sessions to the Greenville County Court. The petitioners' objection relates not to any actual prejudice to them but to alleged disqualification of the particular forum which does not, in and of itself, present a basis for federal habeas corpus relief. There is nothing in the petition showing that the petitioners were in any way prejudiced by having the indictment handled by the Greenville County Court. They were not denied any federal constitutional rights. "Federal courts must withhold interference with the administration of state criminal justice unless a federal right has been violated." Jackson v. People of State of Calif., 336 F.2d 521, 524 (9th Cir. 1964).

■ Whether the petitioners are entitled to any relief under the law of the State of South Carolina will not be considered. The petition has no federal constitutional foundation. The allegation is based on State law and is cognizable only in the state courts.

Petitioners are not being held in custody in violation of the Constitution or laws or treaties of the United States.

After considering the petition, hearing the able argument of counsel who worked long and diligently without fee, after reviewing the records, and after applying the applicable law, it is obvious that the relief prayed for should not be granted.

Therefore, it is ordered:

1. That the petitioner is being validly held in custody under the terms of a proper sentence and commitment.

2. That the petitioner is remanded to the custody of the respondents.

3. That the Petition for a Writ of Habeas Corpus is dismissed.

4. That the Writ of Habeas Corpus is denied.

And it is so ordered.