## 18379

John L. WELCH and Lester Bradshaw, Appellants, v. Ellis C. Mac-
DOUGALL, Director, Board of Corrections, the State of South
Carolina, Respondent.

(143 S. E. (2d) 455)

*Messrs. Forrest K. Abbot* and *Ryan C. Shealy,* of Cayce, *for Appellants,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer* and *Thomas G. Earle, Assistant Attorneys General,* of Columbia, *for Respondents,*

July 14, 1965.

TAYLOR, Chief Justice.

The Appellants, John L. Welch and Lester Bradshaw, while represented by two Court-appointed attorneys, pleaded guilty to safecracking at the January, 1963, Term of General Sessions Court for Lexington County. Mr. Bradshaw was sentenced to serve ten years. Mr. Welch was sentenced to serve ten years, provided that upon the service of five years, the balance be suspended and defendant placed on probation for four years.

A petition for writ of *habeas corpus* was filed by Appellants and denied without hearing by the Honorable John Grimball in his Order of August 8, 1963,

on the grounds that the petition contained no meritorious matter warranting the issuance of the writ. This appeal followed. It is proper to dismiss a petition for writ of *habeas corpus* without a hearing thereon if it contains no allegations which warrant the issuance of the writ. Such a petition must contain an adequate statement of facts to make possible preliminarily an intelligent judgment on the merits of the petition. It is, therefore, incumbent upon the applicant to make at least a *prima facie* showing entitling him to relief. *Babb v. State*, 240 S. C. 235, 125 S. E. (2d) 467; *Crosby v. State*, 241 S. C. 40, 126 S. E. (2d) 843; *Tillman v. Manning*, 241 S. C. 221, 127 S. E. (2d) 721; *Blandshaw v. State*, S. C. 140 S. E. (2d) 784.

The petition is based principally upon the contention that Appellants were the victims of an entrapment instigated by an agent of the South Carolina Law Enforcement Division.

In *Babb v. State, supra,* 240 S. C. 235, 125 S. E. (2d) 467, it was contended in a *habeas corpus* petition that petitioner was the victim of an entrapment instigated by a law enforcement officer. This Court held that a defendant who did not interpose the affirmative defense of entrapment before sentencing, could not claim such defense by way of *habeas corpus.*

There is no allegation in the petition presented to Judge Grimball relative to an alleged failure of Court-appointed counsel to inform Appellants of the defense of entrapment; but in their brief before this Court, it is contended that they were denied a fair and impartial trial as they were not informed of the defense of entrapmant by their Court-appointed attorneys. This might conceivably be construed as contending that Appellants were inadequately represented by the Court-appointed attorneys. Such allegations are easily made; however, effective representation by counsel in compliance with due process of law does not mean perfection on the part of attorneys. A lack of effective assistance of counsel must be of such nature as to shock

the conscience of the Court and make the trial proceedings a farce and mockery of justice in order to suffice as grounds for the issuance of a writ of *habeas corpus*. See *Crosby v. State*, 241 S. C. 40, 126 S. E. (2d) 843, *Tillman v. State*, 244 S. C. 259, 136 S. E. (2d) 300.

An examination of the record reveals that the following transpired during the taking of the pleas:

"The Court: Now, Mr. Duncan and Mr. Bryan, you have talked to both Mr. Bradshaw and Mr. Welch and they understand it?

"Mr. Duncan: Yes, sir. We conclude that there is no defense. Even a sympathetic trial would be of no avail to these men, and they decided to plead guilty.

"The Court: Now, Mr. Bradshaw and Mr. Welch, you both agree to the statement just made by your attorney, is that right?

"Mr. Bradshaw: Yes, sir.

"Mr. Welch: Yes, sir."

For the foregoing reasons, the Order appealed from should be affirmed, and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.