20095

Eckols SHEDDEN, Respondent, v. STATE of South Carolina,
Appellant

(218 S. E. (2d) 421)

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for Appellant,* cite:

*Herbert E. Buhl, III,* of Columbia, and *Marian Wright Edelman,* and *Janet L. Shur,* of Cambridge, Mass., *for Respondent,* cite:

September 16, 1975.

LEWIS, Justice:

This post conviction proceeding involves the validity of guilty pleas entered by respondent to charges of possession and distribution of marijuana.

Respondent, a minor, represented by appointed counsel at the time, plead guilty in the Court of General Sessions for

Bamberg County on February 18, 1974 to three separate indictments charging: (1) distribution of marijuana; (2) possession of marijuana with intent to distribute; and (3) simple possession of marijuana. He represented to the court, at the time of his plea, that he was seventeen (17) years of age. No inquiry was made, nor representation made by respondent or his counsel, as to respondent's age at the time of the commission of the crime. He was, however, in fact, only sixteen years of age at that time.

Since the only showing before the trial court was that respondent was seventeen (17) years of age, the trial judge treated the respondent as a "youthful offender," his plea as a *conviction,* and sentenced him under the Youthful Offender Act (Section 55-391 *et seq.,* 1962 Code of Laws, as amended), which defines a "youthful offender," in Section 55-392, as "all male and female offenders who are seventeen but less than twenty-five years of age at the time of conviction."

Respondent now contends that, since he was only sixteen (16) years of age at the time of the commission of the crime, the Court of General Sessions had no jurisdiction in the matter and his plea should be set aside and the cause remanded for handling in accordance with the Family Court Act (Code Section 15-1095 *et seq.,* as amended).

The Family Court Act does not establish a Family Court for every county in South Carolina, but provides that, where such a court is established, it shall have exclusive jurisdiction for the initiation of any action against a child who is defined in Section 15-1095.2 as "a person less than seventeen years of age." The Family Court Act further provides in Section 15-1095 that:

Any county in this State which has established or shall establish, pursuant to the provisions of the chapter, a children's or juvenile and domestic relations court or any court exercising similar jurisdiction, shall, from May 22, 1968, be required to follow the plan and procedures herein set forth.

The quoted provision clearly states that the Family Court Act applies only in counties that had established or shall establish a children's court, a domestic relations court, or a court exercising similar jurisdiction. The Family Court Act therefore does not purport to affect the original jurisdiction of the Court of General Sessions in criminal matters in any county that is without a children's or domestic relations court.

Bamberg County, where respondent was tried, had no Family Court at the time and the Court of General Sessions of that county had the requisite jurisdiction to dispose of the criminal charges against respondent, a minor, since the General Assembly had not granted exclusive jurisdiction of such matters to any other court having jurisdiction in Bamberg County. Article 5, Section 7, South Carolina Constitution.

Respondent raises certain objections to the exercise of this jurisdiction over a juvenile. We decline to rule on these objections. We find that respondent waived his objections to jurisdiction over his person by failing to assert the alleged jurisdictional defect. It has been held that a juvenile may waive his right to be treated as such either by his failure to plead his age or by entering a guilty plea. 43 C. J. S. Infants § 98, p. 233. This Court has consistently held that after pleading guilty to the indictment, a defendant's objection to jurisdiction comes too late. *Babb v. State,* 240 S. C. 235, 125 S. E. (2d) 467, (1962), *certiorari* denied, 375 U. S. 979, 84 S. Ct. 502, 11 L. Ed. (2d) 425.

Accordingly, the order of the lower court is reversed and the application for Post Conviction Relief is denied.

Moss, C. J., LITTLEJOHN, J., and BRAILSFORD, Acting Associate Justice, concur.

NESS, J., disqualified.