18118

Lee R. WYATT, Appellant, v. The STATE of South Carolina, Ellis C. MacDougall, Director, Board of Corrections, State of South Carolina, and R. Fuller Goodman, Warden, South Carolina State Penitentiary, Respondents.

(183 S. E. (2d) 120)

*Lee R. Wyatt, Appellant, Pro Se.,* of Columbia,

*Messrs. Daniel R. McLeod, Attorney General,* and *Clarence T. Goolsby, Jr.,* and *Edward B. Latimer, Assistant Attorneys General,* of Columbia, *for Respondents,* ▮▮▮▮

November 5, 1963.

TAYLOR, Chief Justice.

The Appellant was convicted of the murder of his wife upon a consent verdict of guilty with recommendation to mercy on December 7, 1961, and was sentenced to life imprisonment. He is presently serving this sentence in the State Penitentiary.

On October 6, 1962, Appellant filed a petition for writ of *habeas corpus,* which was denied without hearing by the Honorable John Grimball in his Order of October 31, 1962. This appeal follows, with Appellant contending that his confinement is unlawful and unconstitutional for the following reasons: (1) That he was denied due process of law; (2) That he did not consent or authorize his attorney to consent to the verdict of guilty with recommendation of mercy; (3) That he was incompetently represented by counsel; (4) That there was insufficient evidence to support the verdict of guilty; (5) That he was not confronted by the witnesses against him; and (6) That he was denied compulsory process for obtaining witnesses.

A petition for writ of *habeas corpus* is properly dismissed without hearing where it contains no allegations which warrant issuance of the writ. It is, therefore, incumbent upon the petitioner to make at least a *prima facie* showing entitling him to relief by stating sufficient facts to make possible preliminarily an intelligent judgment on the merits of the petition. *Babb v. State,* 240 S. C. 235, 125 S. E. (2d) 467; *Crosby v. State,* 241 S. C. 40, 126 S. E. (2d) 843.

Examination of the record does not indicate that counsel, of Appellant's own choosing, inadequately represented him. Allegations of this nature, after trial, are easily made but will not ordinarily suffice as grounds for the issuance of a writ of habeas corpus unless counsel's purported representation was such as to make the trial a farce and a mockery of justice. *Crosby v. State,* 241 S. C. 40, 126 S. E. (2d) 843.

There is a presumption that petitioner's counsel at his trial acted on the authorization and with the consent of petitioner. 39 C. J. S., Habeas Corpus, 1963 Cumulative Supplement, Section 100, p. 145. The allegation that Appellant did not consent or authorize his attorney to consent to the verdict of guilty with recommendation to mercy is clearly refuted by reference to the transcript of the proceedings, which was taken when Appellant tendered his plea of guilty:

"The Court: All right, sir. Do you understand that the mandatory sentence—after we take the jury's verdict—will be that you be sentenced for the term of your natural life?

"Mr. Wyatt: Yes, sir.

"The Court: And you also have a right to take your chances of electrocution by the jury or of not guilty. You understand that?

"Mr. Wyatt: Yes, sir.

"The Court: And you wish me to instruct the jury to find you guilty with a recommendation to the mercy of this court, is that correct?

"Mr. Wyatt: Yes, sir.

"The Court: All right, sir."

Appellant next contends that there was insufficient evidence to support the verdict and that he was not confronted by the witnesses against him. The question of the sufficiency of the evidence to support the verdict cannot be raised in a *habeas corpus* petition. *Medlock v. Spearman,* 185 S. C. 296, 194 S. E. 21; 39 C. J. S.; Habeas Corpus, § 29, p. 518. Where a defendant pleads guilty, *habeas corpus* cannot be used to question the faliure of the State's witnesses to appear. In this case, Appellant pleaded guilty; therefore, there was no trial and no need to present witnesses.

Appellant lastly asserted that he was denied compulsory process for obtaining witnesses. It does not appear in the petition that Appellant asked for process to obtain witnesses and where, as here, a defendant pleads guilty, such an allegation would form no basis for the issuance of the writ. The reasoning in *United States v. Wilson,* 4th Cir., 321 F. (2d) 85 appeals to us in that no purpose would be served in remanding the case for a plenary hearing where it was obvious from the transcript of proceedings that the trial Judge had conscientiously complied with the rules.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and it is so ordered.

Affirmed.

Moss, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.