18428

Willie Brannon SHELNUT and Edward Gilford Sentell, Appellants, v. The STATE of South Carolina and Ellis C. MacDougall, Superintendent of South Carolina Penitentiary, Respondents.

(145 S. E. (2d) 420)

*Messrs. Murchison & West* and *Jack L. Marshall,* of Camden, *for Appellants*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer, Assistant Attorney General,* of Columbia, *for Respondents,*

*Messrs. Murchison & West* and *Jack L. Marshall,* of Camden, *for Appellants, in Reply,*

December 1, 1965.

BRAILSFORD, Justice.

The petitioners, Willie Brannon Shelnut and Edward Gilford Sentell, appeal from orders of the circuit court dismissing writs of *habeas corpus,* which had been issued on their separate petitions, and remanding them to custody.

The petitioners were indicted at the May 1957 term of the Court of General Sessions for Greenville County for violation of Section 16-337, Code of 1952, known as the safe cracking statute, which reads as follows:

"Any person convicted of using explosives, tools or any other implement in or about a safe used for keeping money or other valuables with intent to commit larceny or any other crime shall be guilty of a felony and be sentenced to the Penitentiary during the term of his life; *provided,* that if the jury

recommend the defendant to the mercy of the court, a sentence of not less than ten years' imprisonment may be imposed, in the discretion of the court."

The indictment charged that on the 21st day of April, 1957, in Greenville County, Shelnut and Sentell violated the statute by using tools on or about a safe of Colonial Stores, Inc., with the intent to commit larceny.

The case was called for trial at the May 1957 term. Honorable J. Robert Martin presiding. Each defendant was represented by an experienced and able trial lawyer of his own choice. After a jury had been empaneled, the defendants withdrew their pleas of not guilty and voluntarily submitted to consent verdicts of guilty with recommendation to the mercy of the court. This procedure, which was equivalent to a guilty plea, was resorted to, with the consent of the State, in order to mitigate the otherwise mandatory punishment of life imprisonment. Shelnut and Sentell were each sentenced to imprisonment for a term of ten years. The appeal turns upon the validity of these sentences against the claim that the court was without jurisdiction to impose them.

At the same term of court, Judge Martin sentenced Shelnut to an additional 10 year term on another charge, to be served consecutively, and ordered him transferred to Oconee County to answer charges pending against him there.

At the June 1957 term in Oconee County, with Judge Martin again presiding, Shelnut was sentenced to a term of ten years on an indictment charging him with safe cracking in Oconee County on April 22, 1957. He was also sentenced to a like term on another indictment charging grand larceny. These sentences were imposed so as to be served concurrently with each other and with the Greenville County sentences.

Shelnut and Sentell challenge the validity of the Greenville County sentence in the case involving the safe of Colonial Stores, Inc., upon the ground that the court in Greenville County had no jurisdiction of the offense charged. This claim

is based upon the fact that the safe, although stolen in Greenville County, was opened in Oconee County, under the following circumstances.

The petitioners and another confederate, on April 21, 1957, broke into a Colonial Store in Greenville for the purpose of stealing the safe. They did not possess the equipment required to open a safe of this type, and their purpose was to take it to Oconee County, there to be opened by other accomplices. The safe was encased in cement which made it difficult to remove from the store in Greenville and place in a vehicle for transportation. Before undertaking to do so, the thieves knocked the concrete covering from the safe by striking it repeatedly with an eight pound hammer. The safe was then taken to Oconee County where it was opened. The Oconee indictment against Shelnut and others for violation of the safe cracking statute was based on this indictment. Apparently through inadvertence, Sentell was not indicted in Oconee County.

Petitioners contend that the acts committed in Greenville County did not constitute a violation of the statute; hence, under Art. VI, Sec. 2, Constitution of South Carolina, which requires that a defendant be tried in the county where the offense was committed, the court in Greenville County had no jurisdiction of the offense.

The circuit court held that the use of the hammer on the safe in Greenville County with intent to commit larceny constituted the commission of the proscribed offense, according to the clear meaning of the statutory language. We agree.

Furthermore, there can be no question but that the indictment charged an offense against the statute of which the Court of General Sessions of Greenville County had jurisdiction. By their voluntary submission to a verdict of guilty, the defendants admitted all material allegations of the indictment, including those relating to the situs of the crime, thus waiving a trial and the presentation

of evidence. These admissions are as conclusive upon them as the verdict of a jury would be. 21 Am. Jur. (2d) Criminal Law, Sec. 495, pg. 483. The settled rule that *habeas corpus* will not lie to review the sufficiency of the evidence to sustain a conviction is applicable. *39 C. J. S. Habeas Corpus* § 29j, p. 518; 25 Am. Jur., *Habeas Corpus,* Sec. 53, pg. 183.

The subsequent proceedings in Oconee County have no bearing on the legality of the Greenville County sentence. Shelnut, however, urges that if the Greenville sentence should be sustained, as has been done, then the sentence imposed upon him in Oconee County for opening the Colonial Store safe is invalid under constitutitonal safeguards against double jeopardy. We need only point out that a decision in Shelnut's favor on this issue would not entitle him to release from confinement. Therefore, the writ is not available to test the legality of this sentence. See recently filed *McCall v. State* (MacDougall), S. C., 145 S. E. (2d) 419, and the authorities therein cited.

Affirmed.

TAYLOR, C. J., and Moss, LEWIS and BUSSEY, JJ., concur.