18447

Claude DICKSON, Petitioner, v. STATE of South Carolina and Ellis C. MacDougall, Director, Department of Corrections, Respondents

(146 S. E. (2d) 257)

*C. Weston Houck, Esq.,* of Florence, *for Petitioner.*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer, Assistant Attorney General,* of Columbia, *for Respondents,*

January 11, 1966.

LEWIS, Justice.

This matter is before the Court on petition of Claude Dickson for a writ of *habeas corpus* and involves the legality of his present detention in the State Penitentiary under a sentence of eighteen years for manslaughter, imposed at the April, 1960, Term of the General Sessions Court for Florence County.

This is the fourth petition for a writ of *habeas corpus* filed by the petitioner since his conviction in 1960—the first was denied by Order of Judge James Hugh McFaddin under date of October 25, 1962; the second by Order of Judge G. Badger Baker on November 7, 1963; and the third by Order of Judge Grimball on December 4, 1963. The present petition was to the Chief Justice of this Court and seeks to have petitioner's conviction of the aforesaid crime set aside upon the grounds: (1) that he was not guilty of the crime; (2) that he was denied due process of law in the preparation of his defense; (3) that he was not allowed to have witnesses present at the trial; (4) that he was arrested by the police although they had been told that he had shot no one; (5) that he had been wounded at the affray and taken to the hospital where he stayed for two weeks because of his wounds, but was not told during his stay at the hospital that he was being charged with the crime; (6) that testimony was given against him by his father, who, at the time, was engaged in certain illegal activity; (7) that this witness for the State had been convicted on numerous occasions for violations of State and Federal laws; (8) that this same witness had been convicted of perjury; and (9) that petitioner was, in effect, denied representation at the trial in that attorneys were appointed to represent him "just two days before his trial began," which deprived them of sufficient time to prepare his defense, a continuance having been denied.

Upon the filing of the foregoing petition with the Chief Justice, an Order was issued by him bringing the matter before the Court for determination and an attorney appointed to represent the petitioner. The Order of the Chief Justice discussed the various grounds urged by petitioner and held that only the ninth required further inquiry, the others being dismissed on the pleadings and the record before him.

The matter has been heard upon the complete transcript of the trial record, the record in the previous applications for a writ of *habeas corpus,* and certain exhibits, all prepared

and submitted with representation of petitioner by capable counsel. At the hearing before this Court, in addition to representation by counsel, the petitioner was afforded an opportunity to make such further statements in support of his petition as he might desire, which was declined.

We agree with the disposition by the Chief Justice of the first eight of the above stated grounds and adopt the following portions of his Order thereabout:

"The allegation that petitioner is not guilty does not raise a matter for consideration by *habeas corpus*. Such an allegation goes to the sufficiency of evidence to support the verdict. The insufficiency of evidence to support the verdict cannot be raised in a *habeas corpus* petition. *Medlock v. Spearman,* 185 S. C. 296, 194 S. E. 31; 39 C. J. S., *Habeas Corpus*, Section 29, p. 518.

"The bare denial of due process of law is a conclusion and will not warrant the issuance of the writ. There must be an adequate statement of facts to make possible preliminarily an intelligent judgment on the possible merits of the petition and, at least, a *prima facie* showing entitling the applicant to relief. *Blandshaw v. State,* 245 S. C. 385, 140 S. E. (2d) 784 and cases therein cited.

"The allegation that petitioner was arrested and taken to the hospital where he was confined for two weeks as a result of gunshot wounds without being informed that he was being charged with murder affords no grounds for relief. Petitioner admits to involvement in a shooting affray. The action complained of was proper and it does not appear that any other action was taken by the police during the period of hospitalization with regard to interrogation or otherwise. Nor is there any allegation of facts tending to show prejudice to the rights of petitioner or that he was in fact charged with murder at that time.

"That a witness for the State had been convicted of various unnamed violations of Federal and State law is no grounds for relief. See Section 26-406 Code of Laws of South Carolina, 1962.

"As to the allegations that a witness for the State who had been convicted of perjury was allowed to testify, the error would go to the competency of the witness and as such would not be a ground for relief by *habeas corpus*. Moreover, the petition gives no indication of the dates and places of such conviction or convictions.

"The petitioner further alleges that he was not allowed to have certain persons at the scene of the affray present as witnesses at the trial. It does not appear in the petition that petitioner asked for process to obtain witnesses. See *Wyatt v. State*, 243 S. C. 197, 133 S. E. (2d) 120. Moreover, the identical ground was raised by petitioner in a previous *habeas corpus* hearing. He was denied relief by the Honorable James Hugh McFaddin, Circuit Judge. The Order of Judge McFaddin states: 'Upon reading him the list of witnesses who testified in this case from the Journal of the General Sessions Court of Florence County, he knew of no one else that knew anything concerning the case.' "

The remaining ground concerns petitioner's contention that his appointed trial counsel were not afforded ample time in which to adequately prepare his defense. He contends that they were appointed just two days before the trial began and that a continuance was denied.

The claim of petitioner that a continuance was denied is totally without support in the record. The record shows that, upon the appointment of counsel, the trial judge informed them that "he would allow them sufficient time to investigate the case before bringing the case for trial;" and that at no time was a request made for further continuance.

The record fails to disclose the exact date of the appointment of counsel for petitioner. The case was called for trial on the second Monday of a two week term of court. Admittedly, the appointment was made at some time during the preceding week. Counsel appointed to represent petitioner have stated for the record that, while they do not recall the exact date,

their recollection is that their appointment was made "at least several days prior to the trial of the cause."

We are satisfied that appointment of counsel was made more than two days before the trial, but, in any event, the record fails to substantiate the claim of petitioner that his counsel were not afforded ample time in which to prepare his case for trial. Their testimony is that they were allowed adequate time in which to prepare for trial; that they interviewed fully every person who was given to them as prospective witnesses; and diligently explored all information given to them by the defendant. The trial record clearly sustains their statement that the case was called for trial only after affording them such time as needed to prepare the defense.

The petitioner was charged with murder, for which, upon conviction, he could have received the death penalty. Instead, he was found guilty of the lesser offense of manslaughter and received a sentence of eighteen years. The record shows that the representation rendered to the petitioner was not a mere formality, but performed diligently and in a most capable manner. There is not the slightest indication that they could have done more had additional time been sought and granted. Under these circumstances, the defendant was not deprived of his right to assistance of counsel in the trial of his case. *Avery v. State of Alabama,* 308 U. S. 444, 60 S. Ct. 321, 84 L. Ed. 377.

A careful review of the record reveals no factual basis upon which any ground urged by petitioner can be sustained.

The petition is accordingly denied.

Moss and BRAILSFORD, JJ., concur.

TAYLOR, C. J., did not participate.

BUSSEY, J., disqualified.