Claud DIXON (alias Claude Dickson),
Petitioner,

v.

STATE OF SOUTH CAROLINA et al.,
Respondents.

Civ. A. No. 67–366.

United States District Court
D. South Carolina,
Columbia Division.

July 5, 1967.

Claud Dixon, per se.

Daniel R. McLeod, Atty. Gen., of South Carolina, Columbia, S. C., and Edward B. Latimer, Asst. Atty. Gen., of South Carolina, Columbia, S. C., for respondents.

## ORDER

HEMPHILL, District Judge.

By order of this court on May 19, 1967 the respondents were ordered to show cause why the petition of Claude Dickson for a writ of habeas corpus should not be granted.

Return to the Rule has been made which sets forth the grounds on which the petitioner is confined.

Claude Dickson was tried for murder at the March 1960 General Sessions at Florence County, and on the trial by jury he was convicted of voluntary manslaughter. He was represented by two appointed counsel at the trial. On April 6, 1960 he received a sentence of eighteen years. On November 7, 1960 he was sentenced to an additional six months confinement for escape. He is presently serving these sentences in the South Carolina Penitentiary at Columbia.

Dickson has petitioned the South Carolina courts for the writ of habeas corpus on at least five occasions. A petition was denied by the Court of Common Pleas at Florence County after a hearing on October 25, 1962. A petition was denied by the Court of Common Pleas at Florence County on November 7, 1963. A petition was denied by the Court of Common Pleas at Richland County on December 4, 1963. A petition to the South Carolina Supreme Court was denied, after being argued before that court, by order of January 11, 1966. See Dickson v. State, 247 S.C. 153, 146 S.E.2d 257 (1966). A subsequent petition to the Court of Common Pleas for Florence County was denied on November 17, 1966, on the grounds that the issues raised by that petition had already been decided adversely to the petitioner.

█ In the in forma pauperis petition now before this court, Dickson states that he has a petition now pending before the South Carolina Supreme Court. This is not reflected by the Return. On the basis of the denial of his petition by the State Supreme Court and the subsequent denial based on that order by the Court of Common Pleas at Florence County, the petitioner has effectively exhausted the available state remedies and the matter is properly before this court. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

█ On the basis of the State's Return and Addendum * before the Supreme Court of South Carolina and the documents incorporated in the Return to this court, the court concludes that the rele-

---

* The documents are as follows:

Florence County Coroner's Inquest—Warrant dated 16 February 1960.

Florence County Court of General Sessions—Indictment for Murder—March 1960 Term.

Sentence of Judge T. P. Bussey—dated 6 April 1960.

General Sessions Journal H, Page 98—Week of 4 April 1960.

South Carolina Penitentiary Records.

Transcript of Trial—April 1960 Term.

Petition for Writ of Habeas Corpus—dated 28 September 1962.

Writ of Habeas Corpus dated 8 October 1962.

Transcript of Habeas Corpus Hearing held on 11 October 1962.

Order of Judge J. H. McFaddin dated 25 October 1962.

Petition for Writ of Habeas Corpus dated 16 October 1963.

Order of Judge G. B. Baker dated 7 November 1963.

Petition for Writ of Habeas Corpus—dated 12 November 1963.

Order of Judge Grimball dated 4 December 1963.

Petition for Writ of Habeas Corpus, South Carolina Supreme Court.

Order of Chief Justice C. A. Taylor dated 2 November 1965.

Order of Chief Justice C. A. Taylor dated 10 November 1965.

Affidavit of Trial Defense Counsel dated 6 December 1965.

vent facts were reliably determined by the state court after a full and fair hearing and that they are supported by the record as a whole. No further evidentiary hearing is needed in order for this court to resolve the issues raised by the petition. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). See Mullen v. Boslow, No. 10,850, 4th Cir., August 24, 1966 (Memorandum decision) and Stem v. Turner, 370 F.2d 895 (4th Cir. 1966).

The grounds on which Dickson alleges he is being held unlawfully are the same that he has asserted throughout the lengthy state proceedings. They are:

(a) that he is not guilty,

(b) that he was denied due process of law in the preparation of his case,

(c) that he was not allowed to have all his witnesses present at trial,

(d) that he was arrested by police although they had been told that he had shot no one,

(e) that he was hospitalized for two weeks after the affray and that during that time he was not told he was being charged with the crime,

(f) that his father testified against him and that his father was a convicted perjurer, and

(g) that he was denied the effective assistance of counsel in that his attorneys were appointed to represent him only two days before the trial and that this was not sufficient time in which to prepare the defense.

In issuing the writ and ordering the final hearing before the Supreme Court of South Carolina the Chief Justice ruled that the only meritorious issue raised concerned the time available for the preparation of the case for the defense as it affected the effectiveness of the assistance of counsel. The other allegations were considered as follows:

The allegation that petitioner is not guilty does not raise a matter for consideration by habeas corpus. Such an allegation goes to the sufficiency of evidence to support the verdict. The insufficiency of evidence to support the verdict cannot be raised in a habeas corpus petition. Medlock v. Spearman, 185 S.C. 296, 194 S.E. 21; 39 C.J.S. Habeas Corpus § 29, p. 518.

The bare denial of due process of law is a conclusion and will not warrant the issuance of the writ. There must be an adequate statement of facts to make possible preliminarily an intelligent judgment on the possible merits of the petition and, at least, a prima facie showing entitling the applicant to relief. Blandshaw v. State, 245 S.C. 385, 140 S.E.2d 784 and cases therein cited.

The allegation that petitioner was arrested and taken to the hospital where he was confined for two weeks as a result of gunshot wounds without being informed that he was being charged with murder affords no grounds for relief. Petitioner admits to involvement in a shooting affray. The action complained of was proper and it does not appear that any other action was taken by the police during the period of hospitalization with regard to interrogation or otherwise. Nor is there any allegation of facts tending to show prejudice to the rights of petitioner or that he was in fact charged with murder at that time.

That a witness for the State had been convicted of various unnamed violations of Federal and State law is no grounds for relief. See Section 26-406, Code of Laws of South Carolina, 1962.

As to the allegations that a witness for the State who had been convicted of perjury was allowed to testify, the error would go to the competency of the witness and as such would not be a ground for relief by habeas corpus. Moreover, the petition gives no indication of the dates and places of such conviction or convictions.

The petitioner further alleges that he was not allowed to have certain persons at the scene of the affray present

as witnesses at the trial. It does not appear in the petition that petitioner asked for process to obtain witnesses. See Wyatt v. State, 243 S.C. 197, 133 S.E.2d 120. Moreover, the identical ground was raised by petitioner in a previous habeas corpus hearing. He was denied relief by the Honorable James Hugh McFaddin, Circuit Judge. The Order of Judge McFaddin states: 'Upon reading him the list of witnesses who testified in this case from the Journal of the General Sessions Court of Florence County, he knew of no one else that knew anything concerning the case.'

I find no merit in any of the foregoing contentions and the same are, therefore, dismissed.

■ The foregoing conclusions are in harmony with appropriate federal standards of law. The remaining ground alleged in the instant petition is that his appointed counsel had only two days in which to prepare his defense. If in effect the petitioner was denied the effective assistance of counsel, he would be entitled to relief.

This issue was heard, and passed on by the Supreme Court of South Carolina as follows:

> The record fails to disclose the exact date of the appointment of counsel for petitioner. The case was called for trial on the second Monday of a two week term of court. Admittedly, the appointment was made at some time during the preceding week. Counsel appointed to represent petitioner have stated for the record that, while they do not recall the exact date, their recollection is that their appointment was made 'at least several days prior to the trial of the cause.'
>
> We are satisfied that appointment of counsel was made more than two days before the trial, but, in any event, the record fails to substantiate the claim of petitioner that his counsel were not afforded ample time in which to prepare his case for trial. Their testi-

mony is that they were allowed adequate time in which to prepare for trial; that they interviewed fully every person who was given to them as prospective witnesses; and diligently explored all information given to them by the defendant. The trial record clearly sustains their statement that the case was called for trial only after affording them such time as needed to prepare the defense.

> The petitioner was charged with murder, for which, upon conviction, he could have received the death penalty. Instead, he was found guilty of the lesser offense of manslaughter and received a sentence of eighteen years. The record shows that the representation rendered to the petitioner was not a mere formality, but performed diligently and in a most capable manner. There is not the slightest indication that they could have done more had additional time been sought and granted. Under these circumstances, the defendant was not deprived of his right to assistance of counsel in the trial of his case. Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377.

146 S.E.2d 259, 260.

The record contains an affidavit of the trial attorneys which sets forth their reasons for not requesting a continuance and which states why additional time was not necessary in the preparation of the defense. The question raised as to the alleged prior conviction of the petitioner's father for perjury must be considered, not as it has been passed on in the state proceedings as questioning the competency of the father as a witness, but as going to the question of the effectiveness of representation in failing to raise the alleged conviction to attempt to impeach the testimony of the father.

The court's attention is also drawn to the allegation that the attorneys had but two days to prepare the defense for the charge of murder and the possibility of the penalty of death by electrocution.

■ Under the law of this Circuit an unnecessary and unexplained delay between incarceration and the appointment of counsel gives rise to a prima facie case of the denial of the effectiveness of counsel, and the burden of proving lack of prejudice is shifted to the state. Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967); Martin v. Commonwealth, 365 F.2d 549 (4th Cir. 1966); Braxton v. Peyton, 365 F.2d 563 (4th Cir. 1966). Cf., Shuman v. Peyton, 361 F.2d 646, 649 (4th Cir. 1966). Here; we have counsel appointed at some time between the beginning of the term of General Sessions and Monday of the second week when the case was called for trial. Although the record does not conclusively determine the date on which counsel was appointed, it had been found as a matter of fact by the Supreme Court of South Carolina that some period in excess of the two days as alleged in the petition had elapsed between the appointment of counsel and the calling of the case for trial. Counsel by affidavit state that they had access to all witnesses and had interviewed them and had conducted all the investigation that they deemed reasonable and proper and material to the case. They have stated that no motion for continuance was made because of the belief that no further delay would be to the benefit of the accused. The alleged prior conviction of perjury of the accused's father is unsubstantiated in the record before this court and it was unsubstantiated in the record before the plenary hearing in the Court of Common Pleas and in the hearing before the Supreme Court of South Carolina.

It is the duty of this court to determine whether a plenary hearing should be had on the question as it affects the effectiveness of the assistance of counsel in the framework of this petitioner's defense notwithstanding the competency of counsel. See Ingram v. Peyton, 367 F.2d 933 (4th Cir. 1966). There is the further question whether the petitioner should be afforded the assistance of counsel in determining the merits of this contention and in asserting this contention.

The considerations which are before the court are that the petitioner has never asserted that he was unaware of his father's alleged prior convictions for perjury. He has not, according to the record, informed his attorneys of the matter either at trial or in the state habeas corpus proceedings in which the matter was expressly passed on. A logical inference would be that the petitioner had indeed informed them: there was an attempt to cross-examine the father at the trial on his alleged proclivities for dealing in illicit liquor. More importantly, in the opinion of the court, the father in this case, unlike in Ingram v. Peyton, supra, was not the chief prosecution witness. During the affray in the household on that night when Alonza Green was killed, the father had fled to call the police before Alonza Green was killed. He testified that certain threats and threatening conduct were made by the petitioner, but it was the petitioner's mother who testified as an eyewitness that the petitioner shot Alonza Green. The petitioner's version of the story is susceptible to the inference that when he discharged the rifle, he did not know where the bullet went. By his own testimony, he spoke to Green alive after his father had departed the premises. The jury could, of course, accept the mother's eyewitness account of the killing over the petitioner's version. This, it must be gathered, they did, when they returned a verdict of voluntary manslaughter. The father's testimony as to the threats and occurrences before the killing would only go to premeditation and malice aforethought as elements of the murder charge, because he had no knowledge of what occurred in the minutes before Alonza Green was killed. Insofar as the father's testimony could have been discredited, it would not pertain directly to anything that occurred after he left the house.

■ Considering all of the foregoing, it is the opinion of the court that the failure of the defense counsel to attempt to impeach the testimony of the father, through oversight or ignorance of any

alleged perjury conviction or by design and trial strategy, was not prejudicial to the defense of the accused. He was convicted of a lesser crime than was charged in the indictment. Therefore, the court is of the opinion that a plenary hearing on the possibility of impeaching the father by using an alleged prior conviction for perjury is not necessary.

Having considered the petition in the premises, it is the decision of the court that the petition is without merit.

It is therefore dismissed.

And it is so ordered.