18741

Robert E. ROSS, Appellant, v. STATE of South Carolina, and Ellis C. MacDougall, Director of Board of Corrections, and their attorneys, Respondents.

(158 S. E. (2d) 647)

*Clarence A. Chappell, Esq.,* of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General* and *Edward B. Latimer, Assistant Attorney General,* of Columbia, and *B. O. Thomason, Jr., Solicitor,* of Greenville, *for Respondents,*

December 27, 1967.

Moss, Chief Justice.

This is an appeal from an order of The Honorable Frank Eppes, Resident Judge of the Thirteenth Circuit, dismissing a writ of *habeas corpus* and remanding the prisoner, Robert E. Ross, to the custody of the South Carolina Penitentiary where he is presently serving a sentence of twenty-one years. This sentence was imposed upon Ross in Greenville County on November 2, 1956.

It appears from the record that the appellant herein, along with Roy Thurmond and John H. Byrd, were indicted and charged with the crime of rape, a capital offense. Sections 16-71 and 16-72 of the Code. When this case was called for trial on November 2, 1956, all of the defendants upon their arraignment entered a plea of "not guilty". After a jury had been impaneled and sworn this plea was then withdrawn, and with the consent of the Solicitor, verdicts of guilty with a recommendation to the mercy of the court were returned. Each of the defendants was sentenced to serve a term of twenty-one years.

The aforesaid procedure, which was equivalent to a guilty plea, was resorted to in order to mitigate· the otherwise mandatory punishment of death by electrocution.

The appellant, by his petition for a writ of *habeas corpus* dated July 13, 1964, sought relief from this sentence, asserting that he was innocent and was not accorded due process of law because he was denied the assistance of counsel in his defense. The respondents, by their return, alleged that due

process of law was accorded the appellant in his conviction and sentence. Counsel was appointed by the court to represent the appellant in this *habeas corpus* proceeding and in his appeal therefrom to this court from a denial of his petition by the trial judge.

After a full hearing, the trial judge found no merit in any of the grounds for *habeas corpus* relied upon in the petition. He found as a fact that the appellant was represented by counsel at his trial on November 2, 1956 and that they did a commendable job of representing him. He further held that it was highly possible under the facts of the case for the appellant to have received the death sentence but his attorneys were able to persuade the Solicitor to accept a plea of guilty with a recommendation to mercy. He further held that the appellant was in no way denied due process of law in his trial in the lower court.

The appellant, by his exceptions, asserts (1) that the trial judge was in error in holding that he was represented by counsel at the time of his arraignment and his purported plea of guilty, and (2) that such plea of guilty was improvidently entered and accepted.

■ We have held that where a defendant is charged with the commission of the crime of rape, a capital offense, the effective assistance of counsel in such a case is a necessary prerequisite of due process of law and the denial of such constitutes valid ground for the issuance of the writ of *habeas corpus*. *Crosby v. State,* 241 S. C. 40, 126 S. E. (2d) 843.

■■ Where a person seeks such relief by writ of *habeas corpus* he has the burden of sustaining the allegations of his petition by a preponderance of the evidence *Bailey v. MacDougall,* 247 S. C. 1, 145 S. E. (2d) 425. The petition of the appellant and the return thereto presented a material issue of fact for determination by the lower court and such issue having been decided adversely to the appellant we are limited in our review to a determination

of whether there was evidence to sustain the findings made by the trial judge.

■ The contention of the appellant that he is not guilty of the crime of rape does not raise a matter for consideration by *habeas corpus. Dickson v. State,* 247, S. C. 153, 146 S. E. (2d) 257.

The appellant testified that two lawyers of the Greenville Bar came to the State Penitentiary and interviewed him along with his two codefendants. He stated that he did not accept them as his attorneys nor did he request them to represent him. He admits that when he was brought to Greenville for trial that one of these attorneys appeared at his arraignment and entered a plea of not guilty for him. He admitted that he did not make any protest or call the attention of the trial judge to the fact that he did not have a lawyer. He says that he maintained all the time that he was not guilty of the crime and that he made a request to the two attorneys for them to get him a separate trial. He admits that these attorneys explained to him that if he were convicted on the charge contained in the indictment that he could receive a death sentence. The appellant admitted that he had previously filed a petition for a writ of *habeas corpus* upon the ground that the indictment was not a valid one. He admitted that in this petition he did not assert a lack of representation by counsel at his trial. The appellant admitted upon cross examination that he never told the attorneys not to represent him and that he did not ask the trial judge to appoint other counsel for him. He says that the two attorneys sat with him during his trial and the only protest he made was that he did not want to plead guilty to something he did not do.

The appellant called the two attorneys who represented him at his trial as witnesses. They testified that at the request of relatives of the other two defendants they went to the State Penitentiary in Columbia to interview their clients and while there they consulted with the appellant and as a result of such they understood that they were to represent

the appellant also. Upon the return of these attorneys from the State Penitentiary one of them, by letter, notified the Solicitor that they were the attorneys for the appellant and his codefendants. Following this, these attorneys appeared at a preliminary hearing in behalf of all three defendants, investigated the case thoroughly, and represented the appellant when he was arraigned, when the jury was impaneled and when his plea was changed. They further testified that after they had made a complete investigation of the facts in the case they felt that it was for the best interest of the defendants to "work out the best possible deal for Mr. Ross, as well as Mr. Byrd and Mr. Thurmond". They were successful in geting the Solicitor to consent to a verdict of guilty with a recommendation to mercy.

One of these attorneys testified that he fully discussed the plea with the appellant and made it clear to him what the consequences of his plea would be. He further testified that he advised the appellant the possibility of the length of the sentence that might be imposed, telling the appellant that he could be sentenced from 5 to 40 years upon a verdict of guilty with a recommendation to mercy and death without such recommendation. These attorneys denied that the appellant requested a severance and that he wanted a trial of his case.

We have no rule requiring attorneys claiming to represent parties to file warrants of attorney. *Bank for Savings and Trust v. Towe,* 231 S. C. 268, 98 S. E. (2d) 539. When an attorney appears for a party a presumption arises that he appears by authority and with consent. *Wyatt v. State,* 243 S. C. 197, 133 S. E. (2d) 120. We think that the evidence before Judge Eppes supported his conclusion that the appellant was represented by counsel at his trial and they competently represented him.

When the not guilty pleas of the three defendants were withdrawn and a consent verdict of guilty with recommendation to mercy was taken, the appellant was present, knew what was taking place and made no ob-

jection thereto. It would be trifling with the court to allow the appellant, after keeping silent in the presence of the court, while his attorneys entered what was a plea of guilty in his behalf and the court acting thereon imposed the sentence, to deny, approximately eight years thereafter, the authority of his attorneys to enter the plea or to deny his approval of such action by his attorneys.

The exceptions of the appellant are overruled and the judgment below is

Affirmed.

BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.

LEWIS, J., did not participate.