18769

Joseph Earl SULLIVAN, Appellant, v. STATE of South Carolina, *et al.,* Respondents

(159 S. E. (2d) 918)

*William C. Anderson, Jr., Esq.,* of Hampton, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General, and Edward B. Latimer, Assistant Attorney General,* of Columbia,

54

March 7, 1968.

BRAILSFORD, Justice:

This is an appeal by Joseph Earl Sullivan from an order of the circuit court dismissing a writ of *habeas corpus,* which had been issued on his petition, and remanding him to custody.

The appellant was convicted of violating Section 16-337, Code of 1962, commonly known as the safe cracking statute, and was sentenced to serve a term of twelve years. He was represented at his trial by retained counsel and did not appeal.

It is established by the verdict that appellant broke and entered the place of business of an automobile dealer in Hampton County. The basis of the safe cracking charge was that he used a metal bar to prize open the top compartment

of a metal filing cabinet, which was secured by a combination lock. This compartment was described in the indictment as "a safe used for keeping money and other valuables." It was referred to in the testimony as a "safe" and, although it contained no money when opened by appellant, the owner testified that it was "used to keep money and valuables in."

The cabinet was not produced at the trial. Appellant's defense was alibi, and the sufficiency of the evidence to establish the *corpus delicti* of the offense charged was not challenged until the petition for a writ of *habeas corpus* was filed on February 2, 1967.

This petition alleged, and the evidence presented to the circuit court at the hearing tended to prove, that the compartment broken into was not a safe within the meaning of the statute, both because of its physical characteristics and because it was not used for keeping money or other valuables. The circuit court soundly viewed this contention as an attack upon the sufficiency of the evidence to sustain the conviction and refused to pass upon it. It is the settled rule in this jurisdiction that the sufficiency issue may not be raised by *habeas corpus*. *Dickson v. State,* 247 S. C. 153, 146 S. E. (2d) 257; *Shelmut v. State,* 247 S. C. 41, 145 S. E. (2d) 420; *Medlock v. Spearman,* 185 S. C. 296, 194 S. E. 21. The issue tendered does not involve a constitutional question, and the claim that appellant was denied due process by the court's refusal to pass upon it is without merit.

There has been no challenge to the fairness of the trial upon the ground that the State either failed to disclose or suppressed evidence which tended to exculpate the appellant of the charge laid in the indictment. Cf. *Levin v. Katzenbach,* 124 U. S. App. D. C. 158, 363 F. (2d) 287 (1965); *Barbee v. Warden,* 331 F. (2d) 842 (4th Cir. 1964). No such issue was presented to the circuit court, and none is involved here.

Affirmed.

Moss, C. J., and Lewis and Bussey, JJ., concur.

Littlejohn, J., disqualified.