19143

The STATE, Respondent, v. Clyde E. TAYLOR, Appellant

(178 S. E. (2d) 244)

*Edward D. Buckley, Esq.,* of Charleston, *for Appellant,*

270

*Messrs. Robert B. Wallace, Solicitor,* and *A. Arthur Rosenblum, Asst. Sol.,* of Charleston, *for Respondent,* ▮

December 17, 1970.

LITTLEJOHN, Justice.

The appellant Taylor was convicted of the crime of housebreaking and sentenced to a term of three years. This appeal is from the order of Judge Clarence E. Singletary, denying an application for post-conviction relief. We find no error in the proceedings below and affirm.

The facts leading to appellant's conviction and application for relief may be summarized as follows:

On April 6, 1969, at 11:20 P. M. the appellant and another defendant, Wayne Carroway, were apprehended by police officers in Leaphart's Television and Appliance Store in Charleston County. During his apprehension the appellant was shot and taken to the Charleston County Hospital.

On April 7, 1969, a warrant was issued for Taylor and on April 19 he was taken from the hospital to appear before Magistrate Blanton for a bond hearing. Bond was set at $10,000.

On April 22, 1969, Alan Davis was appointed attorney to represent Taylor, and began investigation of the case at that time.

On May 4, 1969, Taylor and Carroway were indicted. There was no preliminary hearing. The State accepted a guilty plea from Carroway but sentencing was postponed until after the trial of Taylor.

On June 2, 1969, appellant was tried in the Court of General Sessions for Charleston County. At a pretrial conference Taylor advised the trial judge that he did not wish to be represented by his court-appointed attorney but rather, wanted to represent himself. The record is clear that the judge thoroughly explained Taylor's right to counsel and asked if he wished to have another attorney appointed. Appellant asserted that he had previously been successful in representing himself in a criminal proceeding and wished to do so again. Appellant was permitted to represent himself; the jury returned a verdict of guilty to the housebreaking indictment and he was sentenced to three years. No appeal was taken.

On November 7, 1969, appellant filed, *pro se*, a *habeas corpus* petition. On December 1, 1969, he filed, *pro se,* an application for post-conviction relief on the grounds that:

(1) he had been denied effective assistance of counsel,

(2) he had been denied a preliminary hearing, and

(3) excessive bail had been set against him.

On January 20, 1970, the solicitor's office filed a reply to Taylor's application for post-conviction relief, stating that Taylor had never asked for a preliminary hearing and that he had effectively waived counsel.

After a hearing Judge Singletary, on March 20, 1970, issued an order denying the application for post-conviction relief. On March 25, 1970, Taylor appealed. On April 10, 1970, Edward Buckley was appointed as counsel to advance this appeal.

There are four issues presented for determination by this court.

The appellant contends first that the State denied him the right to counsel at the trial and for appeal, citing for that proposition *Gideon v. Wainwright, 372*

U. S. 335, 83 S. Ct. 792, 9 L. Ed. (2d) 799 (1963). Gideon certainly stands for the proposition that an indigent defendant shall be afforded the right to court appointed counsel in serious criminal cases. It has been held, however, that any accused may waive his right to counsel if the waiver is intelligently made. *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). It has also been held that an accused has the right to speak for himself in lieu of counsel. United States *ex rel. Maldonado v. Denno,* 2 Cir., 348 F. (2d) 12 (1965).

The trial judge must, of course, determine whether a proper waiver has been made. The record here reveals that Judge Singletary fully apprised appellant of his right to counsel and offered him another lawyer if he did not wish to continue with the lawyer who had been originally appointed. The law does not require any more than that which was offered this appellant by Judge Singletary. After conviction Taylor did not appeal and did not request an attorney. Appellant's contention that the judge should have advised him that he was entitled to have an attorney appointed to appeal the case after conviction is without merit.

Appellant next contends that his constitutional rights were violated because no preliminary hearing was held. He cites *Coleman v. Alabama,* 399 U. S. 1, 90 S. Ct. 1999, 26 L. Ed. (2d) 387 (decided June 22, 1970) as controlling. The *Coleman* case held that the preliminary hearing is a critical stage in the criminal process, and that when there is a preliminary hearing, accused is entitled to aid of counsel.

Coleman does not require that a preliminary hearing be held in every case; it merely states that when a preliminary hearing is held, accused is entitled to aid of counsel. The *Coleman* case does not affect the validity of the South Carolina procedure, which allows an accused to be brought to trial under indictment by a grand jury without a preliminary hearing. Section 43-232 of the 1962 Code requires a pre-

liminary hearing if it is requested in writing ten days prior to the court term. The lower court found that no such request was made. The statutory procedure was not followed at a time when the appellant had counsel, and the right was therefore waived.

Appellant's third contention is that he was denied the constitutional right to be freed on bail that was not excessive (Article I, § 19 S. C. Constitution). The general guideline established in *Stack v. Boyle,* 342 U. S. 1, 72 S. Ct. 1, 96 L. Ed. 3 (1951) is that a figure higher than an amount reasonably calculated to insure defendant's presence at trial is excessive.

In light of the fact that appellant was not a resident of South Carolina, had no job or family nearby, and had a criminal record, we must conclude that the magistrate did not act arbitrarily and that the bond was not excessive.

The last point raised by appellant is that the State failed to prove beyond a reasonable doubt that he had any intention to commit a criminal offense. His attorney urges that he was an innocent, ignorant, intoxicated bystander. This argument is an attempt to argue the sufficiency of the evidence on an application for post-conviction relief which may not be done. Our court has stated:

"It is the settled rule in this jurisdiction that the sufficiency issue may not be raised by *habeas corpus. Dickson v. State,* 247 S. C. 153, 146 S. E. (2d) 257; *Shelnut v. State,* 247 S. C. 41, 145 S. E. (2d) 420; *Medlock v. Spearman,* 185 S. C. 296, 194 S. E. 21. The issue tendered does not involve a constitutional question and the claim that appellant was denied due process by the court's refusal to pass upon it is without merit." *Sullivan v. State,* 251 S. C. 53, 159 S. E. (2d) 918 (1968).

The credibility of the witnesses and the sufficiency of the evidence are within the province of the jury as the sole arbiter of the facts. Therefore the decision of the court below is

274

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.