19184

Roosevelt WHITE, Appellant, v. STATE of South Carolina *et al.*, Respondents

(179 S. E. (2d) 906)

*Messrs. Melton Kligman* and *G. Raymond McElveen, Jr., for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair, John P. Wilson, Asst. Attys. Gen.,* of Columbia, *for Respondents,*

March 8, 1971.

BUSSEY, Justice.

This is an appeal from an order of the Honorable John Grimball, Resident Judge of the Fifth Judicial Circuit, dismissing, after a full hearing, a writ of *habeas corpus* and remanding appellant prisoner to the South Carolina Penitentiary, where he is serving a twenty-five year sentence for manslaughter, imposed at the December 1963 term of the Court of General Sessions for Richland County, following a plea of guilty by the said White.

At the time of his plea, White was represented by counsel of long experience in the criminal courts, who was retained by a brother of the defendant. In the *habeas corpus* proceeding below and here White was represented by appointed counsel, who are to be commended for their zeal in representing him, even though we deem the appeal to be without merit.

While appellant states and argues three questions, only one ultimate question is presented. That is, was White's guilty plea freely, voluntarily and understandingly entered, with an awareness of the nature of the charge and the possible consequences? He concedes that he was represented by competent counsel but claims, *inter alia,* that due to a lack of understanding between him and counsel he was not fully advised by his counsel, with the result that he did not

fully understand the consequences of his plea. Obviously, this contention merges into the one ultimate question before us.

Where there is any conflict in the evidence, the issue of whether a particular plea was freely, voluntarily and understandingly entered is one of fact. *Sanders v. Leeke,* 254 S. C. 444, 175 S. E. (2d) 796. Here, the trial judge found as a fact that the plea was freely, voluntarily and understandingly entered, and, additionally, that petitioner's then retained counsel fully and ably represented petitioner, conferring with him, investigating the case fully, and explaining all charges and possible defenses to the petitioner.

These issues of fact having been decided adversely to the appellant, we are limited in our review to the determination of whether there was evidence to sustain the findings of fact made by the trial judge. *Dixon v. State,* 253 S. C. 41, 168 S. E. (2d) 770; *Ross v. State,* 250 S. C. 442, 158 S. E. (2d) 647.

The record clearly shows that these findings of fact were amply and fully supported by the evidence, and, indeed, we are satisfied, by the clear preponderance of the evidence. No useful purpose could be served by reviewing such in detail. The judgment of the court below is, accordingly,

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.