## 19500

Harvey CLARK, Appellant, v. STATE of South Carolina and William D. Leeke et al., Respondents.

(192 S. E. (2d) 209)

*C. R. Pusser, Jr., Esq.,* of Chesterfield, *for Appellant,*

*Messrs Daniel R. McLeod, Atty. Gen., Emmet H. Clair,* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, *for Respondents,*

October 17, 1972.

*Per Curiam:*

The appellant, Harvey Clark, is serving a seventeen year sentence for the crime of manslaughter, imposed on December 8, 1970, in Chesterfield County. He was indicted for having murdered one Brenda Price with a .22 caliber pistol on July 16, 1970. At his trial, after the completion of the State's case, he, on the advice of his counsel, withdrew his plea of not guilty and entered a plea of guilty to the crime

of manslaughter. He was represented by Frank Cain, Esq.
of the Marlboro Bar, who was retained by the appellant's
father, in his behalf, in early September 1970.

Thereafter, on September 9, 1971, appellant filed an appli-
cation for post-conviction relief. His present counsel was
appointed by the court to represent him in this proceeding
and a hearing was held on December 16, 1971, before the
Honorable James A. Spruill, Resident Judge of the Fourth
Circuit. His Honor thereafter issued an order dated De-
cember 29, 1971, denying appellant any relief for lack of
merit in his allegations and contentions. The appeal is from
such order.

Although appellant's appointed counsel has presented his
contentions with zeal and ability, this Court, like the court
below, is of the view that there is no merit in appellant's
contentions. It appears that the appellant made certain state-
ments to the investigating officers, both oral and written,
which were incriminating and that such statements were
admitted in evidence upon the trial, over the objections of
appellant's counsel. His primary contention in this proceed-
ing is that such statements were a coerced confession, in
that there was, allegedly, a failure of full compliance with
the requirements of *Miranda v. Arizona,* 384 U. S. 436,
86 S. Ct. 1602, 16 L. Ed. (2d) 694; that his plea of guilty
was the product of such coerced confession and that, accord-
ingly, such plea was not voluntarily entered.

The trial proceedings, other than the guilty plea, have
not been transcribed nor does it appear that the ap-
pellant requested such for use at the hearing below.
Accordingly, we do not have before us the record of the evi-
dence heard by the trial judge in determining the voluntari-
ness and admissibility of the incriminating statements. Upon
the post-conviction hearing the appellant, as to the allegedly
coerced confession, relied only on his testimony to the effect
that there was not full compliance with the Miranda require-
ments. To the contrary, appellant's retained counsel, an at-

torney of nearly twenty years experience, testified that the statements made to law enforcement officers were made available to him well in advance of the trial; that he had investigated the circumstances surrounding the taking of the statements, and that while he had, for the record, objected to the admission thereof, he was satisfied from his investigation and his discussion with the appellant that such had not been taken in violation of any of his consitutional rights and that such were properly admissible in evidence. The evidence thus presented a clear issue of fact as to whether the incriminating statements were freely and voluntarily made and under circumstances entirely consistent with appellant's constitutional rights. Upon this conflicting evidence the lower court found, factually, that none of appellant's constitutional rights had been violated, and that his plea of guilty was intelligently, voluntarily and understandingly made.

Where there are issues of fact which have been decided adversely to the appellant in a proceeding such as this, we are limited in our review to a determination of whether there was evidence to sustain the findings of fact made by the hearing judge. *Ross v. State,* 250 S. C. 442, 158 S. E. (2d) 647; *Dixon v. State,* 253 S. C. 41, 168 S. E. (2d) 770; *White v. State,* 255 S. C. 493, 179 S. E. (2d) 906.

Aside from the foregoing, even if appellant's trial counsel was wrong in his assessment of appellant's confession, and its admissibility, it would not follow, *per se,* that such was sufficient to render the plea involuntary and entitle the appellant to disavow his plea which otherwise was knowingly, intelligently and understandingly entered. *State v. Fuller,* 254 S. C. 260, 174 S. E. (2d) 774; *McMann v. Richardson,* 397 U. S. 759, 90 S. Ct. 1441, 25 L. Ed. (2d) 763; *Parker v. North Carolina,* 397 U. S. 790, 90 S. Ct. 1458, 25 L. Ed. (2d) 785.

Appellant seeks to have his sentence set aside and be resentenced to a lesser term. His contentions in this respect require little comment. It has long been

settled that this Court has no jurisdiction on appeal to correct an allegedly excessive sentence, whch is within the limits prescribed by law for the discretion of the trial judge and which is not proved to be the result of partiality, prejudice, oppression or corrupt motive. We deem it unnecessary to cite or refer to the many authorities for this well settled proposition. The record here contains no suggestion, let alone evidence, of any partiality, prejudice, oppression or corrupt motive influencing or affecting the sentence.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.