## 19548

Luke B. WATSON, Appellant v. William D. LEEKE, Director of the South Carolina Department of Corrections and the State of South Carolina, et al., Respondents.

(194 S.E. (2d) 128)

Supreme Court

*Betty M. Sloan,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Emmet H. Clair* and *Robert M. Arial,* Columbia, and *Sol. Marion H. Kinon,* Dillon, *for respondents.*

Jan. 16, 1973.

*Per Curiam:*

Appellant, Luke B. Watson, is serving a life sentence for murder, having pled guilty at the June 1968 term of court for Darlington County. He instituted this habeas corpus proceeding December 18, 1970, and now appeals from an order of the lower court denying him any relief after a full hearing.

His contention is that his plea was involuntary in that such was entered while he was under the influence of amphetamine drugs. The lower court found as a fact that appellant had full possession of his faculties at the time he entered his plea and that the did, in fact, freely, voluntarily, intelligently and understandingly enter the plea after having advice of retained,

competent counsel. Where there are issues of fact which have been decided adversely to the appellant in a proceeding such as this, we are limited in our review to a determination of whether there was evidence to sustain the findings of fact made by the hearing judge. *Ross v. State*, 250 S.C. 442, 138 S.E. (2d) 647; *Dixon v. State*, 253 S.C. 41, 168 S.E. (2d) 770; *White v. State*, 255 S.C. 493, 179 S.E. (2d) 900; *Clark v. State*, S.C. 192 S.E. (2d) 209.

Our consideration of the record convinces us that there is quite abundant support in the record for the factual findings made by the court below, adverse to the appellant. A review in detail of the contents of the record would, we think, have no precedential value and would serve no other useful purpose.

Affirmed.

MOSS, C.J., and LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.